**TRAVELERS INSURANCE COMPANY,**
**Appellant,**

v.

**Albert F. JORDAN, Department of Insurance, Government of the District of Columbia, Appellee.**

**No. 15964.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 17, 1961.

Decided Feb. 23, 1961.

Mr. Charles W. Halleck, Washington, D. C., with whom Mr. Arthur J. Phelan, Washington, D. C., was on the brief, for appellant.

Mr. John R. Hess, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee. Mr. Richard W. Barton, Asst. Corp. Counsel, also entered an appearance for appellee.

Before Mr. Justice REED, retired,* WILBUR K. MILLER, Chief Judge, and BURGER, Circuit Judge.

BURGER, Circuit Judge.

Appellant is an insurance company chartered by the state of Connecticut to issue insurance covering health, accident, life, workmen's compensation and bodily injury liabilities. It has conducted its business in the District of Columbia since 1867, and after 1901 did so under license of the Superintendent of Insurance. In 1931 the Superintendent ruled that the statutes then in force permitted licensing of a single company to do a multiple line business of this type. In

* Sitting by designation pursuant to Sec. 294(a), Title 28, U.S.Code.

1934 Congress passed the Life Insurance Act, D.C.Code, §§ 35–301 to 35–803 (1951), as amended, D.C.Code, §§ 35–302 to 35–712 (Supp. VIII, 1960), and in 1940 the Fire and Casualty Act, D.C. Code, §§ 35–1301 to 35–1350 (1951), as amended, D.C.Code, §§ 35–1303 to 35–1343 (Supp. VIII, 1960). The Superintendent continued to issue licenses allowing appellant to issue types of insurance regulated under both statutes. An inquiry begun in 1952 eventually led to a ruling by the Superintendent that the statutes precluded a single company from being licensed under both acts. The Travelers challenged this ruling in a suit for a declaratory judgment, and on cross motions for summary judgment the District Court granted judgment for the Superintendent.

The Superintendent relies upon D.C. Code, §§ 35–404 (Supp. VIII, 1960) and 35–1305 (1951). Each provides that "it shall be the duty of the superintendent to issue a certificate of authority to a company when it shall have complied with the laws of the district so as to be entitled to do business therein. * * *" and that "no company shall transact any business [1] not specified in such certificate of authority." In the Superintendent's view, the limitation to business specified in *such* certificate refers to a certificate issued under the particular statute in question. He reasons that a certificate issued under the Life Insurance Act cannot grant authority to issue casualty insurance and vice versa, and hence the statute forbids issuance to a single company of a separate certificate under each act or of a single certificate including both types of business.

The appellant admits that these Code sections restrict a company to issuance of the insurance described in its certificate but argues that neither statute prohibits inclusion of both types in a single certificate, as the Superintendent has done for many years both before and after enactment of these statutes.

■ The Superintendent suggests that administration of both acts with respect to a single company, whether under a single certificate or separate certificates, would be impracticable, since the acts contain inconsistent requirements pertaining to capital, surpluses, investments, procedures for suspension and revocation of the certificate, etc. But the Superintendent has not shown nor does he suggest that the statutes are incompatible in the sense that what one requires the other forbids. Absent such a conflict, lesser inconsistencies can be resolved through the Superintendent's power to revoke either or both licenses if the requirements of the respective statutes are not fulfilled. E. g., D.C. Code, §§ 35–405, 35–1306 (Supp. VIII, 1960). The licensee, of course, as a practical matter, bears the responsbility of satisfying the more stringent requirement, regardless of which statute prescribes it; or to put it another way, if two certificates are issued, each must stand "on its own feet."

The problem of administration and regulation of the activities of a single company licensed under both acts might well afford a basis for Congress to impose a restriction such as the Superintendent now urges. Some state legislatures appear to have done so. E. g., Ky.Rev.Stat. § 304.069 (1960); Md.Ann.Code, art. 48A, § 19 (1957); Va.Code, § 38.1–25 (1950). But those problems and decisions are for Congress; in any event they do not appear to be insurmountable.

■ We hold that the statutes, taken separately or together, do not prohibit the issuance of a certificate or certificates authorizing the issuance of both types of insurance and that the Superintendent's interpretation of these statutes prior to 1952 was correct. Cf. Border Pipe Line Co. v. Federal Power Comm., 1948, 84 U.S.App.D.C. 142, 144, 171 F.2d 149, 151.

Reversed.

---

I. D.C.Code, § 35–404 (Supp. VIII, 1960) adds "of insurance" at this point.